| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>Andrew Sklar, Esq.<br>SKLAR LAW, LLC<br>1200 Laurel Oak Road, Suite 102<br>Voorhees, New Jersey 08043<br>(856) 258-4050<br>Chapter 7 Trustee | |
| In Re:<br><br>**EDWARD R. KESSLER and**<br>**MIRIAM J. KESSLER**<br><br>Debtor | Case No.: **18-17668/ABA**<br><br>Hearing Date: 8/14/18 @ 10:00 AM |

### CERTIFICATION OF TRUSTEE IN SUPPORT OF MOTION TO DISMISS CASE UNDER 11 U.S.C. §305 & 707

I, Andrew Sklar, Esquire, of full age, hereby certify as follows:

1. I am the Chapter 7 Trustee in the within case and move to have this case dismissed under 11 U.S.C. §305 or 707.

2. This motion is based upon the Debtors' failure to attend the First Meeting of Creditors and/or to reschedule same, and failure to produce documents requested by the Trustee.

3. This motion is based upon this pleading, on the documents on file herein and on such other and further oral and/or documentary evidence as may be presented at the time of the hearing hereon.

4. The following points and authorities are submitted in support of this motion:

a) The debtor shall file a list of creditors, schedules of assets and liabilities, a schedule of current income and expenditures, a statement of the debtor's financial affairs, a statement of its intention with respect to retention or surrender of secured property and its performance thereof.  In addition, the debtor shall cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties, shall surrender to the trustee all property of the estate and shall appear at any hearing required under §524(d).

b) The Court may dismiss a case under this chapter only after notice and a hearing only for cause or if the interests of the debtor and creditors would be better served by dismissal.

### **FAILURE TO APPEAR AT 341(a) MEETING OF CREDITOR**

5. The Court scheduled this matter for a 341(a) meeting on June 4, 2018, at which time the Debtors and Debtors' counsel did appear.

6. Due to complex issues and documents requested by the Trustee, the 341(a) was continued to June 21, 2018.  Debtors were advised that failure to appear at this meeting would result in a motion to dismiss their case being filed.  See Exhibit "A" attached hereto.

7. In spite of this, the Debtors failed to appear for the continued 341(a) meeting.

8. As of the date of the filing of this motion, the Debtors, nor debtors' counsel, have not contacted this office to reschedule same.

9. If a debtor in a voluntary case fails to appear at the 11 U.S.C. § 341 meeting of creditors, the debtor's case may be subject to *ex parte* dismissal on application to the Court.

### **FAILURE TO PRODUCT DOCUMENTS**

10. Pursuant to 11 U.S.C. § 521(a)(2)(A) "**The debtor shall provide** – "(i) **not later than 7 days before the date first set for the first meeting of creditors, to the trustee** a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed; …"

11. Both prior to and at the 341(a) meeting, the Trustee requested the Debtors provide documentation concerning the approximate $689,000.00 they took out of their IRA in 2016 and 2017.

12. As of the date of filing this motion, the Debtors have not provided any documentation regarding same for the Trustee to review.

13. In addition, the Trustee requested information concerning the Debtors' ownership interest in Disney Vacation club points, which was not listed as an asset on their petition

14. For the above reasons, the Chapter 7 Trustee respectfully requests that this Court dismiss this case, and grant such other and further relief as the Court may deem appropriate in the circumstances.

I hereby certify that the foregoing statement are true and correct to the best of my knowledge, information and belief. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.


Dated: July 9, 2018

                                              /s/ Andrew Sklar
                                              Andrew Sklar, Trustee